ORIGINAL

```
                                    U.S. DISTRICT COURT
                                    NORTHERN DISTRICT OF TEXAS
                                           FILED
                                          OCT 2 0
                                    CLERK, U.S. DISTRICT COURT
                                    By _____
                                              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT FLETCHER,<br>    Plaintiff, [1] | §<br>§<br>§ | |
| v. | § | Case No. 3:10-CV-2018-K-BF |
| UNITED STATES OF AMERICA,<br>    Defendant. [1] | §<br>§<br>§ | |

## FLETCHERS' OBJECTIONS TO
## DOJ'S EX PARTE MOTION FOR EXTENSION OF TIME

**Assertion of Rights**

Plaintiffs Herbert Fletcher and HERBERT FLETCHER assert all their unalienable rights, privileges, and immunities at Natural Law, Common Law, and Maritime Law, and all their commercial rights relevant to "this state."

**Standing Objection to Non-judicial Decision-making**

<u>General, Standing Objection.</u>

Plaintiffs assert their standing objection to and non-consent to the participation by any and all non-judicial decision-makers, including magistrates and clerks. Plaintiffs do not consent to, and affirmatively withhold all consent

---

[1] This is not the case style of the state court case. In the state court, Fletcher animated both capacities, not just the FEDERAL CAPACITY, i.e., there are two Plaintiffs, and UNITED STATES is also a named defendant, i.e., there are two Defendants. Thus, by restyling the case, doj has unilaterally dismissed two parties/ capacities, namely Plaintiff "Herbert Fletcher" and defendant "UNITED STATES." Plaintiffs' use of doj's case style in no way constitutes consent to such unilateral dismissal, and the uniformity of case style is solely for the convenience of the clerks and court in the administrative handling of this case.

regarding, any participation by any non-judicial decision-maker regarding any matter in this case. *Cf. Gonzalez v. United States*, 553 U.S. 242 (12 May 2008) ("**If the parties consent ....**") (construing § 636(b)).

## Discussion

### No conference for motion; no service of motion.

The chart at N.D. TEX. R. 7.1(h) indicates that there has to be a conference for a motion for extension of time. There was no conference. All that Plaintiffs have is a print out of an undated email indicating that the motion exists.

Fletcher doesn't know whether he agrees or disagrees. He's never seen the motion. Plaintiffs definitely oppose doj's intent to proceed ex parte with anything. Plaintiffs can't double-click the icon in the hard-copy of the email to access doj's motion. Whatever rules apply for service for those who are allowed to participate in the ECF program, those rules can't and don't apply to/for/against a party who is not allowed to participate in the ECF program. At present, the standing policy prohibits pro se litigants from participating. Where there's also no phone number, doj is going to have to delivery its motions in writing ahead of time in order to satisfy its conference requirement.

As it stands, Plaintiffs are compelled to oppose the motion.

## Request for Relief

Plaintiffs object to doj's motion for extension. It should be denied.

Submitted by,

/s/ Herbert Fletcher
Herbert Fletcher,
HERBERT FLETCHER

808 9th Street
Terrell, TX  75160

## Certificate of Service

By my signature below, I certify that on this the __19th__ day of October, 2010, I served a true and correct copy of this Objection by certified mail as follows:

RAMONA S. NOTINGER
doj, tax division
717 North Harwood, Suite 400
Dallas, TX  75201
ATTORNEY FOR (THE) **UNITED STATES**

Note:  Plaintiffs deny that NOTINGER has signature authority for **UNITED STATES OF AMERICA** or for **UNITED STATES** and demand strict proof.

/s/ Herbert Fletcher
Herbert Fletcher,
HERBERT FLETCHER