IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT FLETCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:10-CV-2018-K |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

The standing order automatically referring fee-paid pro se civil actions, N.D. Tex. Special Order 3-251, issued March 8, 2006, is hereby **VACATED** as it relates to this case.

Before the Court are Defendant United States' Motion to Dismiss (Doc. No. 19), Plaintiff Herbert Fletcher's Motion for Default Judgment (Doc. No. 23), Mr. Fletcher's Motion to Strike the United States' Motion to Dismiss (Doc. No. 25), the United States' Cross Motion to Excuse the United States from Further Responding to Frivolous Filings (Doc. No. 26), Mr. Fletcher's Motion to Strike Notice of Removal (Doc. No. 27), and Mr. Fletcher's Motion to Remand (Doc. No. 28). The Court has reviewed the motions, the pleadings on file, and the applicable law. Because this Court lacks subject matter jurisdiction over this lawsuit, the United States' motion to dismiss is **GRANTED**. All other motions are **DENIED as moot**.

I.  **Background**

Mr. Fletcher contests the ability of the United States to assess and collect federal taxes. *See, generally*, Exh. A to Notice of Removal, Pl. Orig. Pet. at 3–11. Mr. Fletcher requests declaratory and injunctive relief, namely that the Internal Revenue Service ("IRS") ceases in its efforts to collect federal taxes assessed against Mr. Fletcher for 2007. *Id*. at 9–11. Mr. Fletcher filed suit in Kaufman County, Texas on September 8, 2010 and the United States removed to this Court on October 6, 2010. This motion to dismiss was filed December 14, 2010.

II. **Legal Standard**

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A federal court may not acquire subject matter jurisdiction by waiver or consent of the parties. *Elam v. The Kan. City S. Ry. Co.*, __ F.3d __, No. 10-60227, 2011 WL 873561, *2 (5th Cir. Mar. 15, 2011).

Sovereign immunity implicates subject matter jurisdiction. *See Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993). The United States enjoys sovereign immunity and cannot be sued without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Waivers of sovereign immunity cannot be implied and must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). The burden is on the plaintiff to assert the basis for waiver. *Florance v. United*

*States*, No. 3:09-CV-1732-B, 2009 WL 5173956 (N.D. Tex. Dec. 31, 2009).

III.     Analysis

The United States has consented to suit for improperly assessed taxes pursuant to 28 U.S.C. § 1346(a)(1), but only if the jurisdictional requirements of 26 U.S.C. § 7422 are met. *Brashear v. United States*, 138 F. Supp. 2d 786, 789 (N.D. Tex. 2001) (Fish, J.). Section 7422 requires a plaintiff to first pay his tax assessment and pursue an administrative claim for a refund with the IRS before seeking redress in federal district court. *Loofbourrow v. Comm'r of Internal Revenue*, 208 F. Supp. 2d 698, 705 (S.D. Tex. 2002) (Crone, J.); 26 U.S.C.  26 U.S.C. § 7422(a)-(b) (2011). Mr. Fletcher has not plead any facts suggesting he has paid the taxes assessed against him or filed an administrative claim with the IRS to challenge his federal tax assessment. The IRS' Notice of Deficiency letter, addressed to Mr. Fletcher and dated June 14, 2010, suggests just the opposite. *See* Exh. A to Notice of Removal at 37–38. Because Mr. Fletcher has not met the jurisdictional requirements of section 7422, this Court is without power to hear this lawsuit.

There is also no subject matter jurisdiction under 28 U.S.C. § 1331 because section 1331 does not constitute a waiver of sovereign immunity. *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987). Neither can subject matter jurisdiction be based on Mr. Fletcher's request for equitable, non-monetary relief. *Id*. (the Anti-Injunction Act and Declaratory Judgment Act prohibit injunctive or declaratory relief against collection of

federal taxes).

Mr. Fletcher must follow the procedures outlined in 26 U.S.C. § 7422(a) to contest his federal tax assessment. Only then may he invoke 28 U.S.C. § 1346(a)(1) as a waiver to sovereign immunity and file suit to challenge the IRS' determination. Accordingly, the United States' motion to dismiss for want of subject matter jurisdiction is **GRANTED** and Mr. Fletcher's claims are **DISMISSED without prejudice**. All other pending motions are **DENIED as moot**.

**SO ORDERED.**

Signed March 22nd, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE